**Victor M. HERNANDEZ, Plaintiff-Appellant,**

v.

**PHELPS DODGE REFINING CORPORATION, Defendant-Appellee.**

No. 76–2846.

United States Court of Appeals, Fifth Circuit.

May 15, 1978.

Harry Tom Petersen, El Paso, Tex., for plaintiff-appellant.

J. F. Hulse, El Paso, Tex., for defendant-appellee.

Before SKELTON *, Senior Judge, and FAY and RUBIN, Circuit Judges.

* Senior Judge of the United States Court of Claims, sitting by designation.

PER CURIAM:

The plaintiff, Victor M. Hernandez, is a white, native-born American citizen who has a Spanish surname. He has been employed as a laborer in El Paso, Texas, since 1958 by the defendant, Phelps Dodge Refining Corporation. In 1966 and again in 1971 and 1972 he made application for the job of Mechanic A, which required him to be skilled in the work of more than one of the following categories: pipefitting, millwright, machinist, welding, automotive mechanic, hydraulic equipment, general maintenance, and the ability to read blueprints. The defendant denied his applications on the ground that he was not qualified for the position, since he had only had some experience as a welder. The plaintiff then filed this suit alleging that the defendant had denied him promotions and had discriminated against him because he is a Spanish surnamed American, all in violation of Title VII of the Civil Rights Act of 1964 as amended, 24 U.S.C. § 2000e et seq. and 42 U.S.C. §§ 1981 and 1983. He sought an injunction, back pay, interest, costs and attorney fees. The defendant denied that there had been any discrimination against the plaintiff because of race, national origin or his Spanish surname, and alleged that he had not been promoted to the job of Mechanic A because he was not qualified to fill the position. The case was tried by the court without a jury.

At the trial, the evidence showed that the percentage of Spanish surnamed Americans employed by the defendant were as follows: total employees 72%, skilled craftsmen 81%, unskilled laborers 91.6%, and Mechanic A employees 36.4%. The trial judge found that the percentages of the Spanish surnamed Americans participating in the defendant's Mechanic A training program instituted in 1968 were as follows: applicants 90.6%, accepted as trainees 89.3%, employees completing the program 88.9%, and employees currently in the program 80%.[1] There was no evidence that any applicant

was denied a Mechanic A position because he had a Spanish surname. On the contrary, the evidence showed that his surname was immaterial if he was qualified.

The trial judge concluded as a matter of law that the defendant, Phelps Dodge Refining Corporation, neither denied the plaintiff, Victor M. Hernandez, promotions nor discriminated against him on the grounds that he was a Spanish surnamed American and, therefore, the defendant did not violate Title VII of the Civil Rights Act of 1964 as amended, 24 U.S.C. § 2000e et seq., and 42 U.S.C. §§ 1981 and 1983. Judgment was entered for the defendant.

We hold that the findings of fact and conclusions of law of the trial court are fully supported by the evidence, and that the judgment should be, and it is hereby, affirmed.

AFFIRMED.

---

1. The plaintiff was not allowed to participate in the training program because he failed to pass the aptitude test required to enter the training program. This test, as shown by the above

percentages, was not designed to exclude Spanish surnamed Americans. The training program was for their benefit.